**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4432**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ENRIQUE GARCIA-MAEDA, a/k/a Manuel Estrada
Montonyo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (4:06-cr-00044-F)

Submitted:  December 21, 2007      Decided:  January 7, 2008

Before WILKINSON and GREGORY, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney, Anne M.
Hayes, Banumathi Rangarajan, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enrique Garcia-Maeda appeals the sentence imposed after he pleaded guilty to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326 (2000). Upon motion by the Government, the district court determined that Garcia-Maeda's criminal history was substantially under—represented and departed upward from the advisory Sentencing Guidelines range and imposed a sentence of fifty-seven months of imprisonment. We affirm.

Garcia-Maeda contends that the district court's decision to depart upward was unreasonable because his criminal history consists mostly of minor offenses, apart from his most recent state court conviction. Garcia-Maeda also argues that the extent of the departure was unreasonable because it was almost one-third higher than the high end of the Guidelines range established in the presentence report (PSR).[*] Finally, Garcia-Maeda contends that the district court did not properly balance the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) and, instead, focused almost exclusively on his criminal history. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the sentencing range prescribed by the Guidelines. A district court's decision to depart from the advisory Guidelines is reviewed for reasonableness, and the resulting sentence must be based upon

---

[*]Garcia-Maeda argues that the departure takes away any benefit he received for acceptance of responsibility.

- 2 -

the factors set forth in 18 U.S.C. § 3553(a) (2000). United States v. Dalton, 477 F.3d 195, 197 (4th Cir. 2007). Reasonableness review entails review for abuse of discretion. See Rita v. United States, 127 S. Ct. 2456, 2465 (2007). In reviewing a sentence outside the Guidelines range, this court must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (applying rule in context of variance sentence). A sentence is unreasonable if the "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." (Id.). "The district court need not discuss each factor set forth in § 3553(a) in checklist fashion; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." United States v. Moreland, 437 F.3d 424, 432 (4th Cir.)(citation and internal quotes omitted) (variance sentence), cert. denied, 126 S. Ct. 2054 (2006).

A district court may depart upward from the Guidelines range under U.S. Sentencing Guidelines Manual § 4A1.3 (2005) when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the

defendant will commit other crimes." USSG § 4A1.3(a)(1). The guideline further directs that "[i]n a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B). Commentary to the guideline states that, "[i]n determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." USSG § 4A1.3, comment. (n.2(B)).

We conclude that the upward departure was reasonable with regard to both the decision to depart and the extent of the divergence from the Guidelines range. The district court correctly found that Garcia-Maeda's criminal history was under—represented. Garcia-Maeda has far more prior convictions than necessary to place him in Criminal History Category VI, indicating that a departure was warranted based upon both the nature of Garcia-Maeda's most recent prior offense and the number and consistent history of convictions. The district court's reasoning is certainly not specific or detailed; however, it is clear from the record that the

court was persuaded that Garcia-Maeda's criminal history was under—represented, a permissible basis for departure under USSG § 4A1.3(a)(1).

The court properly proceeded to move incrementally down the sentencing table to higher offense levels in Criminal History Category VI, determining that each level did not impose an adequate sentence until it reached offense level 16. See Dalton, 477 F.3d at 199. Applying level 16, the court imposed a sentence of 57 months of imprisonment. The overall sentence imposed reasonably reflects Garcia-Maeda's extensive criminal history, which was not adequately reflected by the Guidelines sentence at offense level 13. The extent of the divergence between the sentence actually imposed, 57 months, from the highest sentence available under the guidelines range for offense level 13, 41 months, was 16 months, an upward divergence of approximately one-third. Although the district court did not elaborate on the § 3553(a) factors in checklist fashion, the court adequately stated that it had considered those factors and properly explained its decision to depart upward based upon Garcia-Maeda's under—represented criminal history.

We therefore find the district court's upward departure was not an abuse of discretion and affirm the sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED